IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES BENNON,

    Plaintiff,

v.                                          Civil Action No. 5:08CV60
                                                             (STAMP)
NEW ENGLAND LIFE INSURANCE COMPANY
d/b/a NEW ENGLAND FINANCIAL,
BRIAN BRENNAMAN and
STEVEN J. LINKOWSKI, JR.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## I.  Procedural History

The plaintiff, James Bennon ("Mr. Bennon"), filed a complaint against New England Life Insurance Company, doing business as New England Financial, Brian Brennaman, and Steven J. Linkowski, Jr. (the "defendants"), asserting various claims stemming from the plaintiff's employment at New England Financial. The plaintiff filed a motion to amend his complaint to which the defendants responded and the plaintiff replied. For the reasons set forth below, the plaintiff's motion to amend his complaint is granted.

## II.  Facts

Pursuant to a district manager agreement entered into by Mr. Bennon, New England Financial, and Mr. Linkowski, Mr. Bennon became the manager of the Parkersburg, West Virginia office of New England Financial. Unfortunately, on or about March of 2005, Mr. Bennon was diagnosed with end stage renal disease. Mr. Bennon and the defendants agreed, however, that Mr. Bennon would continue to

manage the Parkersburg office of New England Financial with the assistance of his son and son-in-law.  Beginning on January 1, 2006, although the management agreement was not terminated, Mr. Bennon began to receive disability payments pursuant to a disability plan.  Mr. Bennon claims that following the start of his receiving disability payments, the defendants failed to comply with the district manager agreement and did not account for money owed to the Parkersburg office.

In his complaint, Mr. Bennon alleges that these actions by the defendants caused lost income and benefits in the amount of $240,000.00 per year, losses arising out of Mr. Bennon's inability to pay agents and related to Mr. Bennon's inability to continue to operate the Parkersburg office of New England Financial, lost investment in the Parkersburg office of New England Financial in the approximate amount of $1,200,000.00, and the ultimate disintegration of the Parkersburg office.

### III.  Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

IV. Discussion

The plaintiff seeks to amend his complaint to separate a breach of contract claim that was alleged in the original complaint, but not set out as a separate count, and to add a number of new counts. This amended complaint includes claims for breach of fiduciary duty arising from a joint venture, fraud, breach of the parties' succession agreement,[1] equitable estoppel, unjust enrichment, breach of the parties' management agreement, discrimination under the West Virginia Human Rights Act, statutory conspiracy under the West Virginia Human Rights Act, vicarious liability, and punitive damages.

---

[1] Under this succession theory, Mr. Bennon claims that he and New England Financial entered into a "succession plan" whereby the parties agreed to transfer the plaintiff's management position with New England Financial to his son, and later to his son and/or son-in-law.

3

In response,[2] the defendants state that they have no objection to the plaintiff's motion to amend if these claims are only used to advance Mr. Bennon's "succession" theory. The defendants, however, duly note their objection if the plaintiff later tries to construe the newly added claims as covering anything other than his succession theory.

Rule 15(a) grants the court broad discretion, and a court should grant leave to amend absent an improper motive such as undue delay, bad faith, or successive motions to amend that do not cure the alleged deficiency. See Ward Elec. Serv., 819 F.2d at 497. In Foman v. Davis, 371 U.S. at 182, the Supreme Court stated,

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

After a review of the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith or dilatory motive. As conceded by the defendants, the plaintiff previously disclosed his succession theory in his answers to interrogatories, allowing the defendants to depose Mr. Bennon on this issue. Moreover, the prejudice to the defendants is not so significant as to prevent this Court from allowing the amendment, and this Court cannot conclude that the plaintiff's amendment would be futile, as

---

[2]New England Financial and Mr. Brennaman filed a response to the motion to amend to which Mr. Linkowski joined in, adopted, and incorporated in his later filed response.

4

it raises substantive issues that this Court cannot dismiss upon cursory review. Finally, this Court agrees with the plaintiff that it is inappropriate to impose the kind of conditions requested by the defendants in their response. Accordingly, this Court grants the plaintiff's motion to amend his complaint without the conditions sought by the defendants.

## V. Conclusion

For the reasons set forth above, the plaintiff's motion to amend complaint is hereby GRANTED. The Clerk is DIRECTED to file the amended complaint which was attached as "Exhibit A" to the plaintiff's motion to amend complaint, Docket No. 40. The plaintiff is DIRECTED to serve the amended complaint on the defendants. The parties served with the amended complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or cross-claims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 24, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE